40 F.3d 1244
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Rebecca L. MAGNUSON, Plaintiff-Appellant,
v.
PEAK TECHNICAL SERVICES, INCORPORATED; Volkswagen of
America, Incorporated, Defendants-Appellees,
and
Fairfax Imports, Incorporated, d/b/a Fairfax Volkswagen;
Richard Blaylock, Defendants.
 No. 93-1032.
 United States Court of Appeals, Fourth Circuit.
 Argued Sept. 30, 1994.
Decided Nov. 3, 1994.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Claude M. Hilton, District Judge. (CA-92-885-A)
 John F. Karl, Jr., McDonald & Karl, Washington, DC., for Appellant.
 John David Grad, Grad, Logan & Klewans, P.C., Alexandria, VA, for Appellees.
 Michaele Snyder Battles, McLean, VA, for Appellant.
 Darren L. McLaughlin, Grad, Logan & Klewans, P.C., Alexandria, VA, for Appellees.
 E.D.Va.
 AFFIRMED.
 Before ERVIN, Chief Judge, WILKINSON, Circuit Judge, and PHILLIPS, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Rebecca Magnuson appeals from a district court judgment dismissing her Title VII claims pursuant to Fed.R.Civ.P. 52(c). She challenges the court's findings of fact on which the dismissal was based and also challenges an earlier order denying her a jury trial. Finding no error, we affirm.
 
 I.
 
 2
 Magnuson filed this suit in the United States District Court for the Eastern District of Virginia in June 1992, advancing several causes of action under Title VII as well as pendent state law claims sounding in breach of contract, wrongful discharge, and tortious interference with a contract for employment. The gist of Magnuson's complaint was that her supervisor at Fairfax Volkswagen ("Fairfax"), an independent Volkswagen dealership, had sexually harassed her and that Peak Technical Services, Inc. ("Peak"), the temporary employment agency which formally employed her, had discharged her in retaliation for her complaints. Magnuson named as defendants Fairfax Volkswagen; her supervisor at Fairfax, Richard Blaylock; Peak; and Volkswagen of America, Inc. ("Volkswagen"), the party who had contracted with Peak for Magnuson's services and who had placed her at Fairfax.
 
 
 3
 In September 1992, the district court issued an order striking Magnuson's jury demand and prayer for compensatory and punitive damages on the Title VII claims because the conduct of which Magnuson complained occurred prior to November 21, 1991, the effective date of the Civil Rights Act of 1991. After the court dismissed several of the state law claims, trial began against all four defendants on December 2, 1992. During Magnuson's case-in-chief, she settled with defendants Fairfax and Blaylock, leaving only Title VII causes of action against the remaining defendants, Peak and Volkswagen. At the close of Magnuson's evidence (which consisted primarily of her own testimony and that of agents and employees of defendants Peak and Volkswagen), and following defendants' motion, the district court dismissed Magnuson's claims pursuant to Fed.R.Civ.P. 52(c).
 
 II.
 
 4
 Magnuson raises two issues on appeal. She contends first that the jury trial provision in Sec. 102 of the Civil Rights Act of 1991 applies to cases, such as hers, which challenge conduct occurring before the effective date of the Act but were filed thereafter. The Supreme Court addressed the retroactivity of Sec. 102 in Landgraf v. USI Film Products, 114 S.Ct. 1483 (1994). The Court determined that "because Sec. 102(c) makes a jury trial available only '[i]f a complaining party seeks compensatory or punitive damages,' the jury trial option must stand or fall with the attached damages provision." 114 S.Ct. at 1505. It then held that Sec. 102 does not apply "to cases arising before its enactment." 114 S.Ct. at 1508. Magnuson argues, however, that under the plain terms of the Act a jury is available so long as a party seeks compensatory damages; it is not necessary that she have a right to such damages. In so arguing, Magnuson ignores both the plain language of Landgraf and common sense: no right to jury trial can exist under Sec. 102 unless the Act confers upon the plaintiff a right to seek damages. Magnuson properly concedes that under Landgraf she did not have a right to compensatory damages. Nor, therefore, did she have a right to a jury.
 
 
 5
 Magnuson next challenges the district court's Rule 52 dismissal on the grounds that the court erred in basing its findings on evaluations of witness credibility, improperly weighed the evidence, and should have waited until defendants presented their defense. Rule 52(c) provides in part:
 
 
 6
 If, during a trial without a jury, a party has been fully heard with respect to an issue and the court finds against the party on that issue, the court may enter judgment as a matter of law against that party on any claim ... that cannot under the controlling law be maintained or defeated without a favorable finding on that issue.
 
 
 7
 The law of the case--which Magnuson does not challenge--is that Magnuson could not prevail against the remaining defendants on her retaliatory discharge or sexual harassment claims unless she established that Peak or Volkswagen knew of Magnuson's allegation of sexual harassment at Fairfax, and that she could not prevail on her discriminatory discharge claim unless she established that she was discharged because she is a woman. Magnuson v. Peak Technical Services, Inc., 808 F.Supp. 500, 512-15 (E.D. Va.1992). Here, the district court found, on sufficient evidence, that no representative of either Peak or Volkswagen had any knowledge that Magnuson allegedly experienced sexual harassment at Fairfax, J.A. at 596, and that Peak's decision to discharge Magnuson was "made solely on the basis of performance." J.A. at 598. Because such findings were fatal to Magnuson's remaining claims, judgment as a matter of law was proper. There is no merit to Magnuson's assertion that the findings upon which a Rule 52(c) dismissal rests should not be based on determinations of witness credibility. See, e.g., Friend v. Leidinger, 588 F.2d 61, 64 (4th Cir.1978). And, because Magnuson had been fully heard, there was no need for the district court to delay judgment until after defendants had presented their defense. Fed.R.Civ.P. 52(c).
 
 III.
 
 8
 For the foregoing reasons, we affirm the judgment of the district court.
 
 
 9
 AFFIRMED.