**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

_____

No. 96-11333

(Summary Calendar)

_____


LEONARD MAULDIN,

                              Plaintiff-Appellant,

versus


FIESTA MART,


                              Defendant-Appellee.


Appeal from the United States District Court
For the Northern District of Texas
(3:95-CV-2747)

May 7, 1997

Before DAVIS, EMILIO M. GARZA, and STEWART, Circuit Judges.

PER CURIAM:[*]

    Plaintiff-Appellant Leonard Mauldin appeals the district

court's grant of summary judgment in favor of Defendant-Appellee

Fiesta Mart, Inc. ("Fiesta Mart") on Mauldin's claims of

discriminatory demotion and retaliation under Title VII of the

_____

    [*]    Pursuant to Local Rule 47.5, the Court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in Local Rule
47.5.4.

Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*.

Fiesta Mart, a supermarket chain, hired Mauldin, who is white, as produce manager for its new Dallas store in August 1993. Mauldin held this position for several months until Fiesta Mart transferred Jaime Murillo, who is Hispanic, from Austin to replace Mauldin as produce manager in Dallas. Fiesta Mart asserts that Mauldin's performance in that position had been unsatisfactory and that Murillo was a more qualified and experienced produce manager. Mauldin, on the other hand, denies that his performance was substandard or, if it was, argues that any deficiencies in his performance were due to factors beyond his control. Instead, he alleges that Fiesta Mart demoted him because it wished to fill his position with an Hispanic manager.

Mauldin filed a complaint with the EEOC alleging discriminatory demotion. Some time after filing the complaint, Mauldin asked for a raise, but his request was denied. As a result, Mauldin filed a second EEOC charge alleging unlawful retaliation. Mauldin continued to work for Fiesta Mart until his resignation in 1996.

Mauldin brought this action under Title VII alleging discriminatory demotion and retaliation. During discovery, Mauldin served Fiesta Mart with interrogatories requesting detailed personnel and salary information on all managers for all thirty-four Fiesta Mart stores for the previous ten years. Fiesta Mart

provided Mauldin with information concerning its Dallas stores, but otherwise objected to the interrogatories on the ground that they were overly broad, unduly burdensome, and vexatious. The parties negotiated unsuccessfully to narrow the scope of the inquiry.

Approximately two months before trial, Fiesta Mart filed a motion for summary judgment. Mauldin submitted a request for extension of time to file a response to the motion and moved to compel Fiesta Mart to respond to his interrogatories. The district court denied Mauldin's request for an extension of time, but did not immediately rule on his motion to compel. Mauldin then filed a "partial response" to Fiesta Mart's motion for summary judgment, asserting that the additional discovery sought in the motion to compel would produce evidence sufficient to successfully oppose summary judgment. The district court construed Mauldin's partial response as a request for continuance to allow for additional discovery under Fed. R. Civ. P. 56(f), but denied the continuance on the ground that the additional discovery requested was a speculative "fishing expedition" unlikely to uncover relevant evidence. The court then granted summary judgment in favor of Fiesta Mart and denied Mauldin's motion to compel.

Mauldin appeals, asserting that the district court erred by refusing to allow time for additional discovery under Rule 56(f) and by denying his motion to compel. Rule 56(f) states that "[s]hould it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by

affidavit facts essential to justify the party's opposition, the court . . . may order a continuance to permit . . . discovery to be had . . . ." We review the district court's disposition of motions to compel and other discovery matters for abuse of discretion. *Atkinson v. Denton Pub. Co.*, 84 F.3d 144, 147 (5th Cir. 1996). We likewise review the grant or denial of a continuance pursuant to Rule 56(f) for abuse of discretion. *Krim v. BancTexas Group, Inc.*, 989 F.2d 1435, 1441 (5th Cir. 1993). We review the district court's grant of summary judgment *de novo*. *Ward v. Bechtel Corp.*, 102 F.3d 199, 202 (5th Cir. 1997).

Rule 56 does not entitle a party to unlimited discovery before summary judgment is granted; "if a party cannot adequately defend such a motion, Rule 56(f) is his remedy." *Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1285 (5th Cir. 1990); *Paul Kadair, Inc. v. Sony Corp. of Am.*, 694 F.2d 1017, 1029-30 (5th Cir. 1983). Mauldin may not invoke Rule 56(f) by the mere assertion that discovery is not yet complete, but must show how the additional discovery will establish a genuine issue of material fact. *Id*. at 1286; *see also Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 28 F.3d 1388, 1396 (5th Cir. 1994) (same). The district court may deny a continuance when (1) the record shows that the requested discovery is unlikely to produce facts necessary to withstand summary judgment, (2) the nonmovant seeks to embark on a "fishing expedition," or (3) the discovery is sought for dilatory

reasons. *Mills v. Damson Oil Corp.*, 931 F.2d 346, 350-51 (5th Cir. 1991).

Applying the Title VII burden-shifting analysis of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04, 93 S. Ct. 1817, 1824-25, 36 L. Ed. 2d 668 (1973), the district court assumed without deciding that Mauldin established a *prima facie* case of discriminatory demotion.[2] The court then determined that Fiesta Mart satisfied its burden of production by proffering a legitimate and nondiscriminatory reason for its actions. Mauldin offers no evidence tending to show that Fiesta Mart's reasons are pretextual other than his own subjective beliefs. He now seeks to obtain detailed employment information with respect to all persons holding managerial positions in all thirty-four Fiesta Mart stores for a ten-year period in the hope that such information will reveal a company-wide preference for Hispanic managers. We agree with the district court that Mauldin's discovery request constitutes a "fishing expedition" calculated to uncover something upon which to rest the otherwise unsupported allegations in his complaint. *See Kadair*, 694 F.2d at 1030 (holding that plaintiff could not rely upon Rule 56(f) to defeat motion for summary judgment "where the result of a continuance to obtain further information would be

---

[2]     The court, however, held that Mauldin failed to establish a *prima facie* case of unlawful retaliation because denial of a requested raise does not constitute an adverse employment action. Mauldin does not contest this finding on appeal.

wholly speculative"); *Exxon Corp. v. Crosby-Mississippi Resources, Ltd.*, 40 F.3d 1474, 1487-88 (5th Cir. 1995) (same).  Thus, we find no abuse of discretion in the district court's denial of the Rule 56(f) continuance and, consequently, no abuse of discretion in its denial of Mauldin's motion to compel.

Mauldin does not otherwise contest the propriety of the district court's ruling.  Therefore, we AFFIRM the district court's grant of summary judgment in favor of Fiesta Mart.